## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
|  | : |
| **PERIRX, LLC,** | : |
| *Plaintiff,* | : |
|  | : |
| **v.** | : **CIVIL NO. 24-2601** |
|  | : |
| **HARRAS, BLOOM & ARCHER, LLP et al.,** | : |
| *Defendants.* | : |
|  | : |

**Scott, J.**                                                        **August 25, 2025**

### MEMORANDUM

This legal malpractice action arises from Plaintiff PeriRx LLC's dissatisfaction with the legal representation provided by Defendants Harras, Bloom & Archer LLP ("HBA"), Linda Agnew, Paul J. Bloom, Keith H. Archer, and Tara McDevitt in a separate matter. Defendants filed a motion to dismiss for failure to state a claim and, in the alternative, a motion for a more definite statement. ECF No. 16.

For reasons given below, the Court grants in part and denies in part Defendants' motion.

### I.    Background

PeriRx LLC ("PeriRx") retained Defendants to represent it in a complex dispute about a patent licensing agreement ("the Underlying Action"). In the Underlying Action, the District Court granted in part defendants' motions to dismiss, eliminating certain tort claims from PeriRx's

1

original complaint. Compl., ECF No. 1-2, ¶ 21–24. Later on, the Court also granted summary judgment to PeriRx's adversaries. *Id.* ¶¶ 31, 34; *see also PeriRx, Inc. v. Regents of University of California*, 2021 WL 5865561 (E.D. Pa. Dec. 10, 2021); *PeriRx, Inc. v. Regents of University of California*, 2022 WL 93620 (E.D. Pa. Jan. 10, 2022). PeriRx appealed, among other things, the motion to dismiss ruling and one of the summary judgment rulings. Compl. ¶ 35–39. The Third Circuit affirmed the District Court's rulings, reasoning in relevant part that PeriRx should have sought leave to file an amended complaint to replead the tort claims and that PeriRx failed to preserve one of its arguments in relation to summary judgment. *Id.*; *see also PeriRx, Inc. v. Regents University of California*, 2023 WL 1267173, at *3, *2 n.3 (3d. Cir. Jan. 31, 2023). PeriRx also alleges that Defendants were too aggressive during settlement conferences, "unilaterally increas[ing]" a settlement demand by $40 million dollars and instructing PeriRx not to reopen settlement talks. Compl., ¶ 42–43. Finally, PeriRx also alleges that Agnew misappropriated $490,000 of PeriRx's funds that were in an escrow account. *Id.* ¶ 44–49.

In Count One, PeriRx alleges that its failures in the Underlying Action are attributable to Defendants' negligence. More specifically, PeriRx alleges that Agnew failed to consult with more experienced counsel and with an expert; failed to preserve arguments on appeal; failed to replead dismissed tort claims; failed to properly conduct settlement negotiations; and failed to properly handle $490,000 in an escrow account. *Id.* ¶ 55. PeriRx's second count is stylized as a claim for breach of contract, but it basically repeats the same alleged misconduct as Count One and asks the Court to find that Defendants breached the contract for legal services. *Id.* ¶ 57–62. In its third and final count, PeriRx pleads a claim for conversion, alleging that Agnew deprived PeriRx of the $490,000 in an escrow account without sufficient explanation. *Id.* ¶ 63–65.

## II.    Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

In addition to the complaint's factual allegations, the Court may consider "exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *M&M Stone Co. v. Pennsylvania*, 388 Fed. Appx. 156, 162 (3d. Cir. 2010) (internal quotation marks and citation omitted). As is often relevant to legal malpractice actions, matters of public record include prior judicial opinions, the existence of which the Court may take judicial notice. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to a

reasonable dispute over its authenticity."); *see also Mamouzette v. Jerome*, 2024 WL 3015539, at *5 (D.V.I. June 13, 2024) (collecting cases).

This Court employs a three-step process to evaluate a 12(b)(6) motion to dismiss. *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022). First, the Court articulates the elements of the claim. *Id.* Second, the Court reviews the complaint while disregarding formulaic recitations of the elements of a claim and any threadbare, conclusory allegations. *Id.* at 327–28. Third, the Court evaluates the plausibility of the remaining allegations while assuming the truth of the well-pleaded allegations, construing them in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor. *Id.* at 328.

## III.    Discussion

Defendants raise several arguments in support of its motion to dismiss. The Court addresses each in turn.

### A.  *Plaintiff's Contract Claims Are Barred by the Gist of the Action Doctrine.*

The gist of the action doctrine prevents a party from bringing contract claims for what are, in reality, tort claims and vice versa. *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 870 F.3d 244, 256 (3d Cir. 2017). To determine whether a claim properly sounds in tort or in contract, the Court must look at "the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014). As the Pennsylvania Supreme Court has explained, a claim sounds in contract when "the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract . . . ." *Id.* By contrast, a claim sounds in tort when "the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract." *Id.*

4

In professional malpractice actions, courts have disallowed plaintiffs from pursuing their negligence claims as contract claims. *See, e.g.*, *Philidor RX Servs. LLC v. Polsinelli PC*, 2023 WL 6290746, at \*5 (3d Cir. Sept. 27, 2023) (affirming the district court's ruling that the gist of the action doctrine barred appellants' contract claims regarding malpractice); *Simons v. Royer Cooper Cohen Braunfeld, L.L.C.*, 587 F.Supp.3d 209, 221 (E.D. Pa. 2022) (dismissing a breach of contract claim in a legal malpractice action under the gist of the action doctrine); *New York Cent. Mut. Ins. Co. v. Edelstein*, 637 Fed. Appx. 70, 73 (3d Cir. 2016) ("[W]e conclude that this is a case in which the contract between Appellants and Appellees is best 'regarded as the vehicle, or mechanism, which established the relationship between the parties, during which the tort of negligence was committed.'") (quoting *Bruno*, 106 A.3d at 70).

Just like in those cases, it is clear from Plaintiff's Complaint that its malpractice claim sounds in tort and not in contract. Plaintiff's Complaint opens with a lengthy quotation from one of the adverse summary judgment decisions against PeriRx in the Underlying Action, where the District Court suggests that, at times, Defendants' performance "fell below the standards" expected from counsel and contained "sloppiness." Compl. at 2. Such a characterization—and the Plaintiffs' choice to feature that characterization—arises from an alleged "negligent performance of [Defendants'] contractual obligations," not a breach of any contract provision. *New York Cent. Mut. Ins.*, 637 Fed.Appx. at 73. Relatedly, this Court also notes that Plaintiff's claim for breach of contract does not cite to any provision of the Retainer Agreement between the Parties, which PeriRx describes as a "valid, binding contract . . . [for] legal services." Compl. ¶ 58; Ex. A (Retainer Agreement), ECF No. 1-2 at 19–22. The absence of a controlling contractual provision and the tenor of Plaintiff's Complaint buttress this Court's view that PeriRx's claim sounds in tort.

Therefore, this Court finds that PeriRx's claim for breach of contract is barred by the gist of the action doctrine. That claim is dismissed.

   *B.  Plaintiff's Conversion Claim Is Subject to Arbitration.*

   Plaintiff's third count is for conversion, alleging that Defendant Agnew misappropriated the $490,000 in the escrow account. Defendants seek to dismiss the conversion claim, arguing in essence that it is covered by the arbitration provision in the Retainer Agreement. ECF No. 16 at 30. PeriRx responds that the arbitration provision "does not expressly apply to torts," so the conversion claim should not be subject to arbitration. ECF No. 19 at 24.

   Before resolving this dispute, two procedural niceties are in order. First, the Court may properly consider the arbitrability of the conversion claim because PeriRx attached the Retainer Agreement as an exhibit to its Complaint. *See M&M Stone Co.*, 388 Fed.Appx. at 162 ("It is well-established that a court should consider only the allegations in the complaint, *exhibits attached to the complaint*, matters of public record, and documents that form the basis of a claim.") (citation modified) (emphasis added). Second, Defendants moved to dismiss this count for failure to state a claim under Rule 12(b)(6), but the Court finds this approach procedurally clunky. Instead, the Court construes Defendants' motion on this claim as a motion to compel arbitration instead of a motion to dismiss.

   "It is well established that the Federal Arbitration Act [FAA] reflects a strong federal policy in favor of the resolution of disputes through arbitration." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citation modified). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 522 (3d Cir. 2009); *see also Eichlin v. GHK Co.*, 746 F.Supp.3d 247, 251 (E.D. Pa. 2024) (observing same).

6

The Court finds that there is a valid agreement to arbitrate. Section 4 of the Retention Agreement, to which both Parties agreed and affixed signatures, states in relevant part that "[t]he Attorneys [Harras, Bloom & Archer LLP] and the Client [PeriRx] further agree that in the event a dispute should arise as to the Attorney's fees for legal services, they will resolve the fee dispute by arbitration . . . regardless of the amount of the fee that is in dispute." ECF No. 1-2 at 21. Section 4 also explicitly permits the Parties to attempt to resolve a fee dispute through "voluntary mediation" in lieu of arbitration. *Id.*

The instant dispute falls within the scope of the arbitration provision. PeriRx placed $490,000 in an escrow account, and Defendant Agnew apparently used those funds to compensate herself and her firm without a sufficient explanation to PeriRx about what work those funds supposedly covered. Compl. ¶¶ 63–65. Defendants suggest that they were entitled to those funds. ECF No. 16 at 30. This disagreement is a "fee dispute," and it is accordingly subject to arbitration given the terms of the Retention Agreement.

PeriRx argues that the arbitration provision does not expressly apply to "all" fee disputes and that no clause in the provision affirmatively states that it covers conversion and other tort claims. ECF No. 19 at 24–25. This argument makes little sense. Had the Parties intended to exclude torts from arbitration, they would have said so. *See Township of Bensalem v. Lennar MPA, LLC*, 2025 WL 1186848, at *5 (E.D. Pa. Apr. 23, 2025) (collecting cases in support of the proposition that "courts have rejected arguments that rely on nothing in the agreement precluding a certain right as a basis to find that such a right exists in the agreement.") (citation modified).

The Court therefore construes Defendants' motion to dismiss this claim as a motion to compel arbitration, and the Court grants the motion to compel arbitration. Because a portion of

Plaintiff's negligence claim focuses on the same fee-dispute subject matter, the Court will also compel arbitration as to that portion of the negligence claim. *See* Compl. ¶ 55(j)–(k).

    C. *Plaintiff's Claims Against Defendants Paul J. Bloom, Keith H. Archer, and Tara McDevitt Are Dismissed.*

    To state a proper claim for relief, "[i]ndividual defendants must have reasonable, not exhaustive, notice of the allegations, and such notice is achieved when the plaintiff states a plausible claim for relief against those defendants." *In re Processed Egg Prods. Antitrust Litig.*, 821 F.Supp.2d 709, 719 (E.D. Pa. 2011). Although this borders on the tautological, a claim for relief against certain defendants must include factual allegations that reference the conduct of those defendants. Plaintiff's Complaint lacks factual allegations against Defendants Bloom, Archer, and McDevitt.

    PeriRx's Complaint mentions these individual defendants sparingly. Aside from listing each individual as a named defendant, Compl. ¶¶ 4–6, PeriRx only makes two allegations that include these defendants. First, PeriRx alleges that these Defendants were "partners, owners, shareholders and/or employees" of the same firm that employed Defendant Agnew and that all worked "within the course and scope of their employment." *Id.* ¶ 7. Second, PeriRx alleges that HBA "acted through" these individual defendants. *Id.* ¶ 8. Additionally, PeriRx directs its three claims against HBA and Agnew; not one claim includes discussion of the conduct of Defendants Bloom, Archer, or McDevitt.

    These are precisely the type of threadbare allegations that fail to state a plausible claim for relief. Because there are no factual allegations against these individual defendants that would permit a factfinder to reasonably conclude that they are liable for the misconduct alleged, the Court dismisses all claims against Defendants Bloom, Archer, and McDevitt.

*D. Plaintiff's Negligence Claims Are Not Time-Barred.*

In Pennsylvania, the statute of limitations for legal malpractice claims sounding in negligence is two years. 42 Pa.C.S.A. § 5524. For this type of claim, the statute of limitations begins to run "not [upon] the realization of actual loss, but the occurrence of a breach of duty." *Knopick v. Connelly*, 639 F.3d 600, 607 (3d Cir. 2011) (citing *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 572 (Pa. Super. Ct. 2007)). There is an exception to this rule: "Where a plaintiff could not reasonably have discovered his injury or its cause, however, Pennsylvania courts have applied the discovery rule to toll the statute of limitations. Where the discovery rule does apply, the two-year period on legal malpractice actions begins to run where the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and its cause." *Id.* (citations omitted).

Defendants argue that the negligence claim is time-barred as the alleged negligence "could have occurred no later than the filing of summary judgment" on August 13, 2021, which is when the allegedly negligent arguments were filed before the Court. ECF No. 16 at 24. Because PeriRx commenced this action on December 8, 2023, Defendants argue that under the two-year statute of limitation PeriRx is about four months too late. *Id.* PeriRx responds that under the discovery rule PeriRx did not know (and could not reasonably have known) about the alleged negligence no earlier than December 10, 2021, when the first adverse decision on summary judgment issued and made the injury to PeriRx discoverable. ECF No. 19 at 17. The Court is more persuaded by PeriRx than by Defendants.

The discovery rule applies. Or more precisely—and to echo the *Simons* Court—this Court "cannot determine as a matter of law that the discovery rule does not apply here." *Simons*, 587 F.Supp.3d at 217. Although PeriRx is a sophisticated company that apparently has at least some in-house attorneys, it remains unclear at this stage of the litigation whether PeriRx failed to

9

exercise reasonable diligence that would have allowed it to discover the putative negligence prior to December 10, 2021. Accordingly, the Court will not dismiss PeriRx's negligence claims as time-barred without further inquiry into the fact-intensive issue of when and what PeriRx knew regarding the allegedly negligent lawyering.

E.  *The Remainder[1] of PeriRx's Professional Negligence Claim Survives.*

Plaintiff alleges professional negligence by Defendants concerning Defendants' performance in the Underlying Action. To state a claim for professional negligence, PeriRx must plausibly allege "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) the attorney's failure to exercise the requisite skill and knowledge was the proximate cause of damage to the plaintiff." *Bailey v. Tucker*, 621 A.2d 108, 112 (Pa. 1993) (internal citation omitted). The first and second elements are not seriously disputed by Defendants, so the Court focuses on whether PeriRx has made plausible allegations regarding the third element.

PeriRx alleges that Defendants failed to consult with more experienced counsel, failed to consult with an expert, failed to amend the Complaint and replead certain tort claims, failed to properly argue the summary judgment motions and ensuing appeal, and failed to advise PeriRx properly about settlement. *See, e.g.*, Compl. ¶¶ 26–49. Assuming—as the Court must at this stage—that Plaintiff can gather evidence to prove what it alleges, a reasonable factfinder could conclude that PeriRx would have survived summary judgment and succeeded at trial or would have reached an attractive settlement but for Defendants' negligence. *See, e.g., Nkansah v. Kleinbard LLC*, 2020 WL 920269, at *5–6 (E.D. Pa. Feb. 26, 2020); *Spillman v. Wallen*, 1995 WL

---

[1] The analysis excludes consideration of the alleged negligence regarding the $490,000 in the escrow account because the Court has already ruled that this dispute is governed by an arbitration provision in the Parties' Retention Agreement.

464280, at *4 (E.D. Pa. July 31, 1995) ("These issues [e.g., whether a party would have entered into further negotiations and eventually reached a settlement] surrounding the settlement offer are not appropriately disposed of on a motion to dismiss.").

PeriRx has stated a plausible professional negligence claim. Accordingly, the Court denies Defendants' motion to dismiss the negligence claims concerning Defendants' performance during summary judgment, during the appellate proceedings, and during settlement.

F. *The Court Does Not Dismiss the Requests for Interest and Attorneys' Fees but Does Dismiss the Request for Punitive Damages.*

In the concluding paragraph of its Complaint, PeriRx requests prejudgment interest on any future award and attorneys' fees. ECF 1-2 at 16. Defendants ask the Court to deny both requests because (i) there is no proper amount upon which to award any interest and (ii) the "American Rule" prevents a party from recovering attorneys' fees. ECF No. 16 at 22–23. The Court does not consider dismissal of these requests appropriate at this juncture because both are premature. Whether PeriRx will be entitled to any interest and whether PeriRx will be entitled to attorneys' fees should be raised at a later date after the Parties have gathered more evidence concerning the applicability of prejudgment interest and any fee-shifting between the parties. The Court invites Defendants to renew these requests at the appropriate juncture.

The Court will, however, dismiss PeriRx's request for punitive damages. Nothing in PeriRx's Complaint alleges that Defendants' conduct was sufficiently outrageous to warrant punitive damages. *See McClellan v. HMO*, 604 A.2d 1053, 1061 (Pa. Super. 1992) ("[A] court may not award punitive damages merely because a tort has been committed. Additional evidence must demonstrate willful, malicious, wanton, reckless or oppressive conduct.") (citations omitted). Although a conversion claim may suffice to anchor punitive damages, that approach does not work here because the conversion claim is subject to arbitration and no longer before the Court. Because

there remains no factual basis upon which to allege a claim sufficient to recover punitive damages, the Court strikes the request for punitive damages from the Complaint. PeriRx may seek leave from the Court to file an amended complaint if it discovers a proper factual basis to request punitive damages.

    *G. The Court Denies Defendant's Alternative Motion for a More Definite Statement.*

Defendants have moved in the alternative for a motion for a more definite statement under Fed. R. Civ. P. 12(e). A Rule 12(e) motion is appropriate when "the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39*, 370 F. Supp. 3d 478, 483 (E.D. Pa. 2019) (citation modified). These motions "are generally disfavored and are used to provide remedies for unintelligible pleadings rather than as a correction for lack of detail." *CoorsTek Korea Ltd. v. Loomis Prod. Co.*, 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022) (citation modified).

Defendants contend that PeriRx has not provided sufficient detail about which claims Defendants negligently failed to pursue. ECF No. 16 at 24–25. The Court disagrees. All that PeriRx is required to do at this stage is to give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation omitted). PeriRx has put Defendants on notice of its claim of professional negligence and has rested that claim upon, *inter alia*, Defendants' alleged failure to pursue certain additional claims or replead certain once-dismissed claims. That level of detail suffices under the notice pleading regime of Rule 8. Defendants may use discovery to pursue their wish for more detail.

12

## IV.    Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendants' motion to dismiss.  The Court denies Defendants' alternative motion for a more definite statement.  An order will be issued separately.