IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERIRX, LLC,
                    *Plaintiff,*

            v.                              : CIVIL NO.  24-2601

HARRAS BLOOM & ARCHER LLP et al.,
                    *Defendants.*

Scott, J.                                                        **April 30, 2026**

### MEMORANDUM

Plaintiff PeriRx LLC moves this Court to reconsider its prior decision to dismiss its breach

of contract claim.  For reasons given below, the Court denies the motion to reconsider.

I.      **Background**

In a prior Memorandum dismissing in part and granting in part Defendant Harras, Bloom

& Archer, LLP's Motion to Dismiss, this Court dismissed the contract claim asserted by PeriRx

LLC ("PeriRx") because, under controlling Pennsylvania Supreme Court jurisprudence, PeriRx's

contract claim was barred by the gist of the action doctrine.  *See* ECF No. 33 at 4–6; *see also Bruno*

*v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014).  The Court cited several federal cases, both in the

Eastern District of Pennsylvania and the Third Circuit, that supported the proposition that, "[i]n

professional malpractice actions, courts have disallowed plaintiffs from pursuing their negligence

claims as contract claims."  ECF No. 33 at 5 (also collecting cases).

In its Complaint, PeriRx rooted the breach of contract claim in Defendants' "failure to

comply with the terms and conditions of the contract." *See, e.g.*, ECF No. 1-2, ¶¶ 61–62.  But at

no point in the Complaint did PeriRx identify an explicit contractual provision that Defendants

allegedly breached.  Nor did PeriRx suggest in its Complaint that Defendants violated an implied

1

duty. PeriRx did venture the theory that Defendants violated an implied "contractual duty to provide legal services consistent with the profession at large" in its opposition briefing. ECF No. 19 at 22; *see also Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993) ("[A]n attorney who agrees for a fee to represent a client is by implication agreeing to provide that client with professional services consistent with those expected of the profession at large."); *Gorski v. Smith*, 812 A.2d 683, 694 (Pa. Super. 2002) (observing same). But litigants are not allowed to supplement their pleadings through briefing, so that theory was not properly before the Court anyways. *Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc.* 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).

After this Court issued its Memorandum, two cases from the Superior Court of Pennsylvania were published, both of which PeriRx believes should cause this Court to reassess the dismissal of its contract claim. In *Swatt v. Nottingham Village*, 342 A.3d 23, 51 (Pa. Super. 2025), the Superior Court of Pennsylvania criticized courts that read *Bruno*, the leading Pennsylvania Supreme Court case on the gist of the action doctrine, as mandating a binary choice for plaintiffs to choose either a tort claim or a contract claim, but not both.

In *Poteat v. Asteak*, the Superior Court of Pennsylvania held that, in a professional malpractice action against an attorney, the plaintiff may rely on an implied duty to provide competent legal services as the basis for which to assert a claim for breach of contract. 350 A.3d 198, 203 (Pa. Super. 2025). The *Poteat* Court heaped additional criticism on traditional readings of *Bruno*, observing that "*Bruno* does not address the enforceability of an implied contractual provision requiring a lawyer to provide competent legal services," so any court citing *Bruno* for this proposition is necessarily mistaken. *Id.* at 202–03. In his dissent, Judge Stabile, joined by

2

two other Judges, championed the standard interpretation of *Bruno* and criticized the holdings in *Poteat* and *Swatt*, stating:

> I find it hard to fathom how the Majority here, and this Court's majority in *Swatt*, can declare 'that contract claims never were, and are not, subject to the gist-of-the-action doctrine.' The history of the gist of the action doctrine, spanning hundreds of years, shows that the entire point of it is to distinguish between contract and tort claims.

*Id.* at 211 (citation modified).

According to PeriRx, the holdings of *Swatt* and *Poteat* demonstrate that this Court erred in dismissing the contract claim.

## II.    Legal Standard

In the Third Circuit, granting motions for reconsideration is reserved for "extraordinary circumstances." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018). The Court will grant a motion for reconsideration when a party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazardis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010). A party may not use a motion for reconsideration to "relitigate issues that the Court has already decided." *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994).

## III.   Discussion

PeriRx does not clearly identify on which basis it seeks reconsideration. The Court assumes, given the tenor of the argument, that PeriRx intends the third option, meaning that the Court needs to correct a clear error of law or prevent manifest injustice. *See, e.g.*, ECF No. 38 at 12 ("[T]he Court now should reconsider its decision . . . *because the law in Pennsylvania is now clear* – PeriRx's breach of contract claim is viable and can proceed.").[1]

---

[1] The first option makes little sense because PeriRx relies on two Superior court cases, which do not disturb the controlling authority of *Bruno*, a Pennsylvania Supreme Court case. The second option also makes little sense because PeriRx has not indicated any new evidence that bears on the issue before the Court.

3

*Bruno* controls this Court's decision and analysis. It is the most recent and most cited Pennsylvania Supreme Court case that addresses the gist of the action doctrine. The key passage from *Bruno* is worth quoting in full because of its centrality to PeriRx's motion:

> The general governing principle which can be derived from our prior cases is that our Court has consistently regarded the nature of the duty alleged to have been breached, as established by the underlying averments supporting the claim in a plaintiff's complaint, to be the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract . . . If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract – i.e., a specific promise to do something that a party would not ordinarily have been obliged to do but for the existence of the contract – then the claim is to be viewed as one for breach of contract. If, however, the facts established that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Bruno*, 106 A.3d at 68 (citation modified).

In the spirit of *Bruno*, this Court sought to determine the nature of the duty alleged to have been breached by reviewing the averments that support PeriRx's Complaint. This Court adduced two sets of averments to determine that PeriRx's claim sounded in tort and not in contract. First, the language of Plaintiff's Complaint emphasizes Defendants' putative negligence. Second, PeriRx does not identify any explicit provision of the operative contract that Defendants supposedly breached. *See* ECF No. 33 at 5–6 ("The absence of a controlling contractual provision and the tenor of Plaintiff's Complaint buttress this Court's view that PeriRx's claim sounds in tort."). Nor, in the Complaint, does PeriRx make mention of any implied duty. According to the averments of PeriRx's own Complaint, this Court decided that Defendants' alleged violations sounded in tort and not in contract.

Now, PeriRx argues that, given *Swatt* and *Poteat*, it did not need to identify any explicit contractual provision because it was permitted to rely on the implied duty to provide competent legal services, which supposedly inheres in every contract between a lawyer and a client. ECF No. 38 at 10–11. If this were PeriRx's theory, it should have said so in the Complaint and not

have introduced it for the first time in its opposition briefing.  That approach is procedurally flawed, and that flaw alone is enough to reject this argument.  But even if PeriRx had cleared the appropriate procedural hurdle, this Court remains skeptical that it made a clear error of law.

There is ample case law that relies on *Bruno* and applies the gist of the action doctrine to dismiss contract claims and to permit negligence claims in malpractice actions.  *See* ECF No. 33 at 5 (collecting cases).  As PeriRx should know, "on matters of Pennsylvania law, this Court is 'bound by the Pennsylvania Supreme Court's interpretation of current state law.'"  *Burns v. SeaWorld Parks & Entm't, Inc.*, 675 F.Supp.3d 532, 547 (E.D. Pa. 2023) (quoting *Barradas Jacome v. Att'y Gen. U.S.*, 39 F.4th 111, 124 (3d Cir. 2022)).  PeriRx implies—wrongly—that *Swatt* and *Poteat*, two Superior Court cases, have somehow greater authority than *Bruno*, a Pennsylvania Supreme Court case.  At most, those cases suggest that certain Superior Court judges (but not all, as demonstrated by the *Poteat* dissent) are more amenable to PeriRx's position that it can pursue both contract and tort claims in this action and that *Bruno* is wrongly decided.  But that is not enough to establish that this Court made a "clear error of law," and it is therefore not enough to merit reconsideration.

## IV.    Conclusion

For the reasons stated above, the Court denies PeriRx's motion for reconsideration.  An order will be issued separately.