**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PERIRX, LLC,** *Plaintiff,* | : | |
| **v.** | : | **CIVIL NO. 24-2601** |
| **HARRAS BLOOM & ARCHER LLP et al.,** *Defendants.* | : | |

**Scott, J.** **August 11, 2026**

## MEMORANDUM

Plaintiff PeriRx LLC ("PeriRx") asks this Court to reconsider its prior decision that compelled to arbitration the conversion claim that PeriRx brought against Defendant Linda Agnew. For reasons given below, the Court denies PeriRx's motion.

### I. Background

Defendants had moved to dismiss PeriRx's conversion claim, arguing that the conversion claim was subject to the arbitration provision in the Retainer Agreement that the Parties signed. ECF No. 16 at 30. PeriRx made only two points in opposition to this argument: "The arbitration clause in . . . [the] retainer agreement does not expressly apply to torts and does not broadly apply to 'any' and 'all' disputes 'arising out of' or 'related to' Defendants' representation of PeriRx." ECF No. 19 at 24. The Court evaluated these arguments and sided with Defendants, holding that "[t]he instant dispute falls within the scope of the arbitration provision." ECF No. 33 at 7. The Court also rejected PeriRx's argument that the "retainer agreement does not expressly apply to torts," holding that "[t]his argument makes little sense . . . [because] [h]ad the parties intended to exclude torts from arbitration, they would have said so." *Id.*

For the sake of efficiency, the Court also construed Defendants' motion to dismiss this claim as a motion to compel arbitration because Defendants, at bottom, were arguing that the conversion claim properly belonged in arbitration proceedings. Accordingly, the Court granted the motion to compel the conversion claim to arbitration. *Id.* at 6–8.

On May 21, 2026, more than eight months after the Court's decision, PeriRx submitted this claim to the Suffolk County Bar Association for arbitration, as required by the Parties' Retainer Agreement. ECF No. 49 ¶¶ 10–11. On June 18, 2026, the Suffolk County Bar Association declined to accept the matter for arbitration, claiming that it "does not have jurisdiction" to hear the conversion claim. *Id.* ¶ 12. The Bar Association refused to arbitrate the claim on the additional ground that the submission of the claim was untimely. *Id.* ¶¶ 14–15. But PeriRx drops the untimeliness claim, stating that "the *current* untimeliness of PeriRx's request for arbitration is irrelevant for purposes of this motion, although it will be discussed." *Id.* at 6. Accordingly, the Court focuses on the jurisdictional argument.

## II. Legal Standard

In the Third Circuit, granting motions for reconsideration is reserved for "extraordinary circumstances." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018). The Court will grant a motion for reconsideration when a party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazardis v. Wehmer*, 591 F.3d 666, 679 (3d Cir. 2010). A party may not use a motion for reconsideration to "relitigate issues that the Court has already decided." *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994).

## III. Discussion

PeriRx thinks that this Court made an error of law or fact because the Court found that "the Conversion Claim falls within the scope of PeriRx's arbitration agreement with Defendants [but] [t]hat finding is incorrect, and, as a result, the [C]ourt should reconsider its August 25, 2025 Order." ECF No. 49 at 8.

PeriRx is correct that the Court found the conversion claim to be covered by the arbitration provision. The terms of the arbitration provision contained in the Retainer Agreement state in relevant part:

> While we hope it never occurs, occasionally disputes arise concerning the fees or disbursements that are owed to a lawyer by the client . . . The Attorneys and Client further agree that in the event a dispute should arise as to the Attorney's fees for legal services, they will resolve the fee dispute by arbitration conducted pursuant to Part 137 of the Rules of the Chief Administrator of the Courts (22NYCRR 137) in the County of Suffolk through the Attorney-Client Fee Dispute Resolution Program of the Tenth Judicial Circuit, regardless of the amount of the fee that is in dispute.

ECF No. 1-2, Retainer Agreement, § 4. The Court held that PeriRx's conversion claim masqueraded as a dispute about whether Defendant Agnew, one of PeriRx's attorneys, was entitled to the $490,000 held in escrow as compensation for legal services. This type of fee dispute falls squarely within the terms of the arbitration provision because it is a dispute that "concern[s] the fees or disbursements that are owed to a lawyer by the client."

But now PeriRx tells the Court that it committed an error in making this finding, or, more modestly, that justice demands that the Court reconsider its decision. The Court's putative error apparently comes from how Part 137 of the Rules of the Chief Administrator delimits the scope of fee disputes eligible for arbitration, and the conversion claim does not fall within that scope. According to PeriRx, Part 137 deprives the arbitral body of "jurisdiction to hear cases with 'claims involving substantial legal questions, including professional malpractice and misconduct.'" ECF No. 49 ¶ 13.

One wonders why PeriRx has not forfeited this argument given that it could have made it when Defendants originally moved to dismiss the conversion claim because it was subject to arbitration. After all,"[w]aiver and forfeiture 'serve several important judicial interests, protecting litigants from unfair surprise; promoting the finality of judgments and conserving judicial resources; and preventing district courts from being reversed on grounds that were never urged or argued before them." *U.S. v. Dowdell*, 70 F. 4th 134, 141 (3d Cir. 2023); *see also id.* at 140 (explaining that "the terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous . . . [because] [w]aiver is the intentional relinquishment or abandonment of a known right . . . [while] forfeiture is the failure to make the timely assertion of a right.") (citation modified).

At that time PeriRx made its initial arguments in opposition, a natural response would have been to explain to the Court why the conversion claim was not subject to arbitration due to Part 137's narrow scope. PeriRx did not do so, however. Instead, as Defendants suggest, PeriRx apparently first raised this argument when submitting the claim for arbitration, pointing out to the arbitral body that PeriRx did not initially submit the conversion claim for arbitration because doing so "was consistent with the Suffolk County Bar Association Dispute Resolution Program Rules." ECF No. 49-1 at 22; *see also* ECF No. 50 at 3 ("The [arbitration] application to the Suffolk County Bar Association appears to be purposefully self-defeating.").

The Court cannot divine every possible argument a litigant should make or may make. Nor is doing so the Court's responsibility. It is the responsibility of litigants to notify the Court of which arguments they intend to rely on during motion practice. The failure to notify the Court runs the risk of forfeiting or waiving an argument. As a corollary, litigants are typically disallowed from raising new arguments that could have been included during the original round of motion

practice. Hence why the Eastern District of Pennsylvania prohibits parties from "relitigate[ing] issues that the Court has already decided" by filing motions for reconsideration. *Smith*, 155 F.R.D. at 97. PeriRx has not explained to the Court why it failed to raise this argument during the initial briefing on the motion to dismiss PeriRx's complaint. Instead, PeriRx has come again to the Court with another motion for reconsideration in an effort to effectively relitigate issues that have already been decided.

On PeriRx's view, the Court should ignore forfeiture concerns because its new argument concerns subject matter jurisdiction, which happens to be nonwaivable. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003) ("[S]ubject-matter jurisdiction is non-waivable . . . ."). As the Parties surely know, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two typical pathways that empower a federal court to exercise jurisdiction over an action are either when the claims involve a federal question or when there exists complete diversity of citizenship between the parties to a civil lawsuit in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. As PeriRx points out, litigants cannot create subject matter jurisdiction for federal courts by agreement. *See, e.g.*, *Binder v. Price Waterhouse & Co., LLP*, 372 F.3d 154, 161 (3d Cir. 2024); *see also* ECF No. 49 at 4.

But subject matter jurisdiction is a doctrine unique to a federal court's ability to have a case before it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) ("'[S]ubject-matter jurisdiction . . . involves a *court's* power to hear a case . . . .'") (emphasis added) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). This Court has not found any legal support—and PeriRx certainly did not supply any—to suggest that the doctrine of subject matter jurisdiction applies to arbitral fora. Because PeriRx has not done the argumentative work to show why an argument about the scope

of Part 137 is a subject-matter-jurisdiction argument instead of a forfeitable argument about how to interpret a rule of the arbitral forum, the Court rejects PeriRx's framing of the argument.

The invocation of subject matter jurisdiction is likely strategic, because it attempts to sidestep the effects of forfeiture. The Court does not, however, believe that PeriRx has made a proper subject-matter-jurisdiction argument; rather, PeriRx has simply assumed that the arbitral rules preventing this conversion claim from being arbitrated fall under the category of subject matter jurisdiction. That approach is unavailing. Accordingly, the Court finds that PeriRx forfeited this argument and that interests of protecting litigants from unfair surprise, of promoting the finality of judgments, and of conserving judicial resources all counsel this Court to deny PeriRx's second motion for reconsideration.

## IV. Conclusion

For the reasons stated above, the Court denies the motion for reconsideration. Additionally, PeriRx is barred from filing any additional motions for reconsideration before obtaining permission to do so from the Court. An order follows.